ANTONIO CARDONA-MORALES, Appellant, *v.* REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 648.   Submitted November 2, 1926.—Decided November 19, 1926.

*Valentín Polanco de Jesús* for the appellant.   The registrar did not appear.

14

Mr. Justice Wolf delivered the opinion of the court.

Section 159 of the Civil Code provides:

"The husband shall be the administrator of the conjugal property, except when stipulated otherwise.

"The purchases made by the wife out of the conjugal property shall be valid when the said purchases comprise things or articles for the use of the family, in accordance with their social position.

"Nevertheless the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage."

Similarly, sections 1327 and 1328 say:

"Sec. 1327. The husband is the administrator of the conjugal partnership, with the exception of what is prescribed in sections 81 and 82, of Chapter VI, Title V, of Book first of this Code.

"Sec. 1328. Notwithstanding the power which the husband has as administrator he shall not have the power to give, to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife.

"Every sale or agreement which the husband may make in respect to the said property in violation of this section and the other provisions of this Code, or in fraud of the wife shall be null and shall not prejudice her or her heirs."

Therefore, a husband may not alienate, burden, sell or make any agreement in regard to the real estate of the conjugal partnership without the consent of his wife.

From the deed offered for record in this case it appears that on the 16th of January, 1920, Juan Marrero Luna, married to Ana María Rivera, sold to Antonio Cardona Morales a piece of property. Two hundred and fifty dollars was not paid at the time of the sale and a mention of this fact was made in the deed and noted in the registry. As the deed was recorded it must, for the purpose of this administrative appeal, be conclusively presumed that the consent of the wife to the sale was had.

Then, on the 21st of February, 1921, Juan Marrero Luna,

the said vendor, appeared before a notary and issued a release (*carta de pago*) for the said deferred purchase money. When presented to him the Registrar of Arecibo refused to record the release in the following note:

"Cancellation of the mention referred to in the preceding document is hereby refused because consent therefor is not given by Ana María Rivera, the wife of the creditor Juan Marrero Luna, as prescribed in sections 159 and 1328 of the Revised Civil Code and held by the Supreme Court, among others, in cases number 24, 12 P.R.R. 214, and number 10, 9 P.R.R. 169, such requisite being here particularly indispensable because it is sought to cancel (equivalent to selling) a right expressly mentioned in a record derived from the proceeds of the sale of a lot which is community property inasmuch as it was acquired in exchange for another which the creditor had bought for a consideration while married to his said wife."

We are entirely agreed with the former decisions of this court. A mortgage whereby a personal obligation is secured by real property is a real right and that right may not be destroyed or canceled by the husband without the consent of his wife. The parties have voluntarily converted a personal obligation into a real right.

However, until such conversion takes place the mere mention in the registry of a personal right does not constitute a real right. *Vega* v. *Ponce*, 34 P.R.R. 8, and citations of commentators, especially 2 Morell, 572, 573.

The right of a husband to administer the property of the matrimonial society is the rule and the exceptions are stated in sections 159 and 1327 and 1328 of the Civil Code, *supra*. To deny his right to execute a release of the deferred purchase money it should clearly appear that a real right has been created.

The note should be reversed and the record made.